**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EDELKY SOTO-ALTUNAGA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1609-G** |
| | ) | |
| **DTOR OF THE DIAMONDBACK PROCESSING CENTER et al.** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

# ORDER

Petitioner Edelky Soto-Altunaga filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). On August 31, 2026, certain Respondents filed a Notice (Doc. No. 7), stating that Petitioner "requested and received a bond hearing" and that Petitioner "was subsequently released on bond on July 29, 2026." *Id.* at 1; *see also id.* Ex. 1 (Doc. No. 7-1) at 1-2.

The Court then directed Petitioner to show cause why the Petition should not be dismissed as moot. *See* Order to Show Cause (Doc. No. 8). The Order to Show Cause was mailed to Petitioner but returned as undeliverable, *see* Doc. No. 9.

Petitioner's release from ICE custody renders Petitioner's habeas claims moot *See Mendoza Hernandez v. U.S. Dist. Ct.*, No. CIV-26-923-R, 2026 WL 1506747, at *1-3 (W.D. Okla. May 29, 2026) (R. & R.), *adopted*, 2026 WL 1791956 (W.D. Okla. June 22, 2026). The record therefore reflects that dismissal is warranted, as "[t]here is no relief the

Court can grant." *Bermudez v. Figueroa*, No. CIV-26-179-JD, 2026 WL 925524, at *2 (W.D. Okla. Apr. 6, 2026); *see also Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011).

CONCLUSION

Accordingly, the Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED without prejudice as moot. A separate judgment shall be entered.

IT IS SO ORDERED this 3rd day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge